# CHARLESTON.

HAWKINS, ADMINISTRATOR, *v.* NUTTALLBURG COAL & COKE Co.

Submitted March 23, 1909.   Decided December 7, 1909.

1.   APPEAL AND ERROR—*Party Aggrieved—Grant of New Trial.*
    In an action under chapter 103, section 5, Code, to recover
    damages for the death of a person from wrongful act or neglect,
    and a verdict for the plaintiff is, on his motion, against the
    objection of the defendant, erroneously set aside because of
    smallness of the amount of the verdict, the defendant may have
    a writ of error.   (p. 416).

Error to Circuit Court, Fayette County.

Action by E. B. Hawkins, administrator, against the Nuttal-
burg Coal & Coke Coke Company.   Judgment for plaintiff.   De-
fendant brings error.

*Reversed.*

*Dillon & Nuckolls* and *Price, Smith, Spilman & Clay,* for
plaintiff in error.

*Osenton & McPeak* and *Charles E. Hogg,* for defendant·in
error.  ·

BRANNON, JUDGE:

Joseph H. Carman, while in the service of Nuttalburg Coal
& Coke Company running an electric motor in a coal mine,
was killed, and his administrator sued the coal company to
recover damages because of his death, and a jury rendered a
verdict for the plaintiff for five hundred dollars damages, and
the plaintiff moved the court to set aside the verdict because
it was so small that it evinced passion, prejudice or corruption,
and over the objection of the defendant the court set aside the
verdict and granted the plaintiff a new trial, from which action
of the court the coal company obtained this writ of error.

The first question arises upon the contention of counsel that
this Court has no jurisdiction of this writ of error.   This con-
tention rests on the theory that the action of the circuit court·
was favorable to the coal company, as it relieved it of the
verdict against it, and that therefore the coal company cannot
appeal, citing many cases for the rule that a person cannot

appeal from action of a court in his favor. Such is the general rule, but only a general rule. It has its exceptions. Turning to 2 Ency. Pleading & Practice 157, we quote: "Where the plaintiff obtains the precise relief sought by him in the trial he is estopped from prosecuting an appeal from the decision awarding it, but where the judgment, although in his favor, does not afford him the relief claimed, or where *he may sustain injury thereby,* he may seek its reversal." It cannot possibly be that where a man sues for one thousand dollars and recovers five hundred, he can not appeal for good cause. The question in every case is, Is the party aggrieved by the action of the court? Is he prejudiced? Is he deprived of a legal right? *Handy* v. *Scott,* 26 W. Va. 710; 2 Cyc. 632-3. All the cases make this a test. In this case is the coal company aggrieved? Has it suffered harm from the setting aside of the verdict? We say it has. Wherein? In the fact that it is exposed to delay and the cost of another trial, and more than that, it is exposed to the greater danger of a heavier verdict. The coal company was content to accept the verdict, and therefore opposed the motion to set it aside. It wanted finality. It wanted the suit to end with the verdict, and the litigation closed. The action of the court deprived it of that finality.

The only question then is, Is there error in the the action of the court setting aside the verdict? We think there is. The jury is generally in actions for tort the judge of the amount of damages. We have held that where a motion to set aside a verdict is because of excessive or inadequate damages the court must not encroach on the province of a jury. In their assessment in tort cases there is no fixed measure as in cases of contract. This is the case in actions generally. *Battrell* v. *Ohio River Ry. Co.,* 34 W. Va. 213. But in the case of an action under the statute for the death of a person this is peculiarly the case. Our decisions go to the effect that the jury, in such cases, is, under the statute giving the action, absolutely the judge of the amount of damages, and its finding cannot be disturbed unless the court can see that the jury was actuated by passion, prejudice or corruption. *Thomas* v. *Electrical Co.,* 54 W. Va. 396 (pt. 10 Syl.) ; *Bertha Zinc Co.* v. *Black,* 88 Va. 303; *Goshorn* v. *Wheeling,* 65 W. Va. 250.

There is no appearance of passion, prejudice or corruption on the part of the jury, unless we can assert the presence thereof from the mere amount of the verdict. No evidence of passion, prejudice or corruption is given. We cannot assume their presence. I suppose that the jury was in doubt whether it should find anything, because there is a great deal of evidence in this case and its circumstances tending to show that Carman's death was attributable to his own negligence in running the motor at high dangerous speed. There was evidence that he himself declared that the accident was attributable to his own negligence. There is much evidence to show this. In fact a case of contributory negligence is shown. Likely the jury made the amount small because of this evidence, and did not, under all the circumstances, consider that a heavy verdict would be just. This does not establish passion, prejudice or corruption. We can see why the jury did not find a greater amount of damages.

Therefore, we reverse the order of the circuit court, and proceeding to render such judgment as the circuit court should have rendered we overrule the motion for a new trial, and we will enter a judgment in favor of the plaintiff against the coal company for the amount of the verdict with interest from its date.

*Reversed.*