# Richmond.

## PENINSULA PRODUCE EXCHANGE, INC. v. GILES C. UPSHUR AND OTHO F. MEARS.

### December 22, 1927.

1. APPEAL AND ERROR—*Two Trials of the Case—Apellate Court Reviewing Record of First Trial.*—Where there have been two trials of a case, the appellate court will review the record of the first trial, and if it discovers that the trial court erred in setting aside the first verdict, it will annul all subsequent proceedings, reinstate the verdict, and enter judgment thereon.

2. APPEAL AND ERROR—*Weight to which Verdict of Jury is Entitled—Verdict Conclusive Unless Plainly Wrong or without Evidence to Support it—Section 6251 of the Code of 1919.*—The weight to which the verdict of a jury is entitled in a case where reasonable men may fairly differ as to proper conclusions, is regulated by statute (section 6251, Code of 1919) and where the evidence shows that the case is a proper one for the submission to a jury, their verdict is conclusive unless it appears that it is plainly wrong or without evidence to support it.

3. NEW TRIALS—*Conflicting Evidence—Power of Court—Case at Bar.*—In the instant case there was a sharp conflict of evidence on the only issue which the jury had to decide.  The two witnesses who made the contract contradicted each other flatly on the question of whether the sale was made with or without a warranty as to soundness of the subject of the sale, potatoes.  There was considerable evidence on both sides, but most of it was corroborating or impeaching the two witnesses respectively, who made the contract, and therefore peculiarly for the consideration of the jury.

   *Held:*  That under these circumstances the trial court erred in setting aside the verdict of the jury.

4. NEW TRIALS—*Error as to Amount of Damages—Remittitur—Setting Aside Verdict—Case at Bar.*—In the instant case, an action against buyer for breach of a contract of sale of potatoes, it appeared that the jury arrived at its verdict by adding the amount claimed and the amount for which the potatoes sold and dividing it in half, but of this the plaintiff in error, the buyer, did not complain.

   *Held:*  That if the trial court thought the damages excessive or reached upon wrong principles, it could have put the defendants in error

upon terms to accept what it thought the proper amount, but it had no power to annul the verdict entirely.

Error to a judgment of the Circuit Court of Northampton county in a proceeding by motion for a judgment for money. Judgment for plaintiffs. Defendant assigns error.

*Reversed and final judgment.*

The opinion states the case.

*J. Brooks Mapp* and *James M. Crockett*, for the plaintiff in error.

*Jno. E. Nottingham* and *Mears & Mears*, for the defendants in error.

CHRISTIAN, J., delivered the opinion of the court.

On July 7, 1925, Giles C. Upshur and Otho F. Mears, plaintiffs, sold to T. Clay Groton, agent for the Peninsula Produce Exchange, Incorporated, defendant, three cars of round potatoes, each to contain 200 barrels, to be United States Grade No. 1, and to be delivered on July 8, 1925, f. o. b. at Kendall Grove station in Northampton county, at the price of $5.07½ per barrel; and early in the morning of July 8, 1925, said plaintiffs also sold to said defendant two cars of round potatoes, each to contain 200 barrels, to be United States grade No. 1, and to be delivered f. o. b. at Kendall Grove station in said county on July 9, 1925, at the price of $5.25 per barrel. The aggregate price agreed to be paid for the five cars of potatoes was $5,145.00.

Upshur, who had superintended the digging of the potatoes and made the sale of same, proceeded on July

8, 1925, to deliver and load the same according to the contract. When Anderson, the government inspector, informed him that the potatoes would not pass inspection as United States grade No. 1, because of rot from Tuber Moth, Upshur called Groton on telephone and reported that the potatoes would not pass inspection because slightly damaged, and wanted to know if he would take them. Groton said he would have to communicate with his principal at Pocomoke City, Maryland. Upshur gave him thirty minutes within which to decide whether or not he would take the potatoes. Groton got in communication with his superior officer over the telephone, and reported the facts to him. He was instructed to accept the potatoes if they did not run over four per centum damaged ones. Potatoes had advanced on July 7th to the morning of July 8th from fifty to seventy cents per barrel.

When Groton received the above instructions he drove to Kendall Grove where he met Upshur and Anderson, the inspector. After asking Anderson how the potatoes were running and being told from the sheets, between two to four per centum, he says he then told Upshur he would take all five cars at the original price if they did not run over two to four per cent damaged potatoes. Upshur continued to deliver and load the potatoes, and Anderson to inspect the same. After the cars were shipped the inspection sheets were sent in. Instead of showing two per cent to four per cent rot, the first two cars showed five per cent and six per cent, respectively, while the other three showed fourteen per cent, twelve per cent and ten per cent. When the potatoes reached their destination, they had to be reconditioned and the defendant only received eighteen hundred and ninety-seven dollars and thirty-six cents ($1,897.36) for the five cars of potatoes.

The facts above set forth are practically undisputed, except Upshur claimed that when Groton came to Kendall Grove and inspected some of the potatoes, and had Anderson's report on the cars then being loaded, he agreed to accept all five cars at the original price without any warranty as to their soundness.

The Peninsula Produce Exchange, Incorporated, refused to pay more for the potatoes than it had received for them, whereupon Giles C. Upshur and Otho F. Mears proceeded by notice of motion for judgment against it for $5,145.00 upon the contract of sale alleged to have been entered into between Giles C. Upshur and T. Clay Groton, at Kendall Grove, on July 8, 1925.

On the 13th day of January, 1926, this case came on for trial by the jury upon the issue of fact joined by the pleadings, to-wit: Whether the potatoes were purchased and shipped without any warranty or whether they were accepted in compliance with the original contract of sale with the warranty as to grade modified so as not to exceed two per cent to four per cent for unsoundness. After hearing all the evidence and argument of counsel, the jury returned the following verdict: "We, the jury, find for the plaintiffs the sum of $3,521.18." The plaintiffs, by counsel, moved the court to set aside the verdict of the jury and grant them a new trial on the ground that the same is contrary to the law and the evidence, which motion being fully argued by counsel was sustained. The verdict was set aside and a new trial granted, to which ruling of the court the defendant by counsel excepted.

The case came on again to be heard on March 15, 1926. Before entering into the new trial theretofore granted, the defendant, by counsel, stated to the court that it was relying upon the verdict of the jury at the

former trial and its exception to the court's action in setting aside said verdict, and would take no part in, nor introduce any evidence at this trial. Whereupon, the jury was sworn and after hearing the evidence of the plaintiffs, brought in the following verdict: "We, the jury, find for the plaintiffs the sum of $5,145.00, with interest thereon from July 10, 1925."

The defendant then moved the court to set aside the aforesaid verdict of the jury and grant it a new trial on the ground that the same is contrary to the law and the evidence, which motion was overruled, and the defendant excepted. Thereupon the court entered judgment upon said verdict, for $5,145.00, with interest from the 10th day of July, 1925, and costs.

[1] The defendant presented its petition, with the record of the trial court, to the Supreme Court of Appeals for a writ of error to review the action of the trial court in setting aside the verdict of the jury on the first trial, by virtue of the well established rule of law, that where there have been two trials of a case, the appellate court will review the record of the first trial, and if it discovers that the trial court erred in setting aside the first verdict, it will annul all subsequent proceedings, reinstate the said verdict, and enter judgment thereon.

[2] The power of the courts over the verdicts of juries has not been changed by section 6251 Virginia Code 1919. The rule of law which should guide the court in deciding a motion to set aside the verdict of the jury because contrary to the law and the evidence has been so often and satisfactorily stated that we will content ourselves with quoting from the opinion of Judge Prentis in the case of *Gardner Extract Company, Incorporated,* v. *D. H. Nevshehir,* 134 Va. 395, 114 S. E. 725:

"It is unnecessary to cite precedents showing the effect which courts should accord to the verdicts of juries, in cases where reasonable men may fairly differ as to proper conclusions, because the matter is now regulated in this State by statute and where the evidence shows that the case is a proper one for the submission to a jury, their verdict is conclusive unless it appears that it 'is plainly wrong or without evidence to support it.' "

[3] In the instant case both Upshur and Groton, the parties who made the sale of the five cars of potatoes, testified that the defendants in error were bound to deliver United States grade No. 1 potatoes f. o. b. Kendall Grove for $5,145.00; that they did not do so, and thereby breached their contract. Upshur claimed that Groton released them from the obligation of the contract, and waived the warranty, while Groton emphatically denied any such agreement but accepted them upon a warranty of from two per cent to four per cent rot. Thus there was a sharp conflict of evidence on the only issue which the jury had to decide. If the jury had accepted Upshur's evidence of the contracts then their verdict should have been for $5,145.00. On the other hand, if they believed Groton their verdict should have been for at least $1,897.36. They found a verdict for less than the amount claimed by Upshur, therefore their verdict was in favor of the plaintiff in error upon the issue joined. There was considerable evidence on both sides, and facts and circumstances proven, but most of it was corroborating or impeaching the two witnesses respectively, who made the contract, and therefore peculiarly for the consideration of the jury. The defendant in error, Upshur, testified that the potatoes could have been reconditioned, and he overlooks the fact that it was his duty to have done so,

or barrelled them in the first instance so that they would grade United States No. 1.    The plaintiff in error could have stood upon its contract, and if the defendants in error had failed to comply therewith, held them for damages.

[4] As to the amount of the verdict, it appears that the jury added the amount claimed, and the amount for which the potatoes sold and divided it in half, but of this the plaintiff in error does not complain.  If the learned judge of the trial court thought the damages excessive or reached upon wrong principles, he could have put the defendants in error upon terms to accept what he judicially thought the proper amount.    But he had no power to annul the verdict entirely.

For the reasons above set forth the judgment of the trial court will be set aside, the second verdict annulled, and the verdict of the jury at the first trial reinstated, and such judgment be entered thereon in this court as should have been entered by the trial court.

*Reversed and final judgment.*