# Richmond

## S. W. HARRIS v. LUCY I. ROYER, ADMINISTRATRIX OF CHARLES S. ROYER.

November 14, 1935.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Eggleston, JJ.

The opinion states the case.

*Conrad & Conrad,* for the plaintiff in error.

*J. Lynn Lucas* and *Fulton & Hall,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

The administratrix of Charles S. Royer, deceased, obtained a verdict against S. W. Harris for $750 for the death of Royer, and $250 for property damages to the car owned by Royer prior to his death. The death of Royer was caused by a collision of his car with one owned by Harris. After the jury had returned its verdict, the administratrix of Royer moved to set it aside on the ground that it was grossly inadequate. The defendant, Harris, resisted the motion but the court sustained it and set the verdict aside. A new trial was awarded, limited to the *quantum* of damages. The second verdict was for the sum of $7,500 for the death of Royer, which together with the $250 property damage to the automobile aggregated $7,750, and upon it the court entered judgment over the objection of Harris. The correctness of this action on the part of the trial court is made the basis of the principal contention upon the present writ of error. There are many other points raised in the petition but they become immaterial because the decision of the main point will effectually dispose of the case.

Where there have been two trials of a case under well-established rules this court will look to the record of the first trial and if it is discovered that the court erred in setting aside the verdict of the first trial, this court will set aside all proceedings subsequent to the first verdict and enter judgment thereon. *Clark* v. *Hugo,* 130 Va. 99, 102, 107 S. E. 730; *Hogg* v. *Plant,* 145 Va. 175, 133 S. E. 759, 47 A. L. R. 308; *Peninsula Produce Exchange* v. *Upshur,* 149 Va. 639, 140 S. E. 651; *Chesapeake & O. Ry. Co.* v. *Nickel,* 157 Va. 382, 161 S. E. 248; and *Keeler* v. *Baumgardner,* 161 Va. 507, 171 S. E. 592.

Charles S. Royer was the owner of a 1929 Chevrolet sedan and on Sunday night, February 19, 1933, he was driving it in a northerly direction on the State highway between Shenandoah and Luray in Page county. He alone occupied the front seat and one Mrs. Rittenour and Jesse C. Miller were riding in the rear seat as his guests. Harris, who was the defendant below, was the owner of a 1932 Ford V-8 standard coupe and his car was being driven, at his request and by his direction, by F. T. Carper in a southerly direction upon the same highway. Harris was riding on the right-hand side of the car, a Mrs. Trobaugh being seated between Harris and Carper, the driver. The collision occurred about 8:30 at night, five miles north of Shenandoah. The two cars were approaching each other when they collided. Mrs. Rittenour and Royer, who were in the latter's car, were killed and Carper and Mrs. Trobaugh, who were in Harris' car were also killed. Harris and Miller were injured. Several actions at law arose by reason of this collision.

The evidence in the present case is in sharp conflict and it is such that it would support a verdict in favor of either the plaintiff in error or the defendant in error; therefore it would not have been set aside as being contrary to the evidence if such a motion had been made. This being true it is unnecessary to recite the evidence in detail. In our judgment the evidence of the eye witness, Jesse C. Miller, is sufficient to sustain the verdict. He testified that Royer was driving his car on his right-hand side of the highway at forty miles per hour, while the car of the plaintiff in error, Harris, was being driven in the opposite direction at sixty miles per hour; and that the driver of Harris' car drove the same to his left and into the front part of Royer's car. This testimony was in conflict with that of the defendant, Harris, who was also an eye witness. The jury, however, accepted Miller's testimony and decided the case adversely to Harris, and we think that their verdict is supported by the testimony.

The substantial question in the case is whether or not

the trial court correctly set aside the first verdict of $750 in favor of the administratrix. If the court was in error in this action, then under the general rule previously referred to, the first verdict will be reinstated and all subsequent proceedings thereto will be annulled.

The right of action for the death of a person caused by the wrongful act of another is authorized by Code, section 5786. Code, section 5787, provides how and when the action is to be brought and how the damages are awarded, and Code, section 5788, deals with the beneficiaries who are to receive the amount recovered.

Under Code, section 5787, this provision is found: "The jury in any such action may award such damages as to it may seem fair and just not exceeding $10,000, * * *." This provision in the statute has been construed in Virginia to mean that in an action for wrongful death, the amount of the recovery of damages is left entirely to the discretion and judgment of the jury. *Trant, Inc.* v. *Upton,* 159 Va. 355, 165 S. E. 404.

The first case that was brought before the court was *Matthews* v. *Warner's Adm'r,* 29 Gratt. (70 Va.) 570, 26 Am. Rep. 396. There the court construed the particular language now found in Code, section 5787, "The jury * * * may award such damages as to it may seem fair and just, not exceeding ten thousand dollars." Judge Christian in delivering the opinion of the court pointed out the distinction between the specific language of the Virginia statute and that of the English statute and of most of the States. The English statute provided that the jury "may give such damages as they may think proportioned to the injury resulting from such death * * *." The statutes of most of the States do not materially differ from the English statute, except as to the parties who may recover, and for whose benefit suit may be brought, and except as to the limitation of the amount that may be recovered. In nearly all of them the recovery is limited to such damages as are pecuniary and actual. It was further emphasized in the opinion that the Virginia statute contained no words of

limitation confining the jury to merely pecuniary damages. In answer to the contention made that juries would be turned loose to assess damages according to their own notions as to compensation for mental suffering, agony and the like, the court aptly said:

"But if the law as it is written is unjust and oppressive and contrary to the laws of most of the other States of the Union, it is for the legislature to change the law. This court can neither amend or annul the statute law (unless it be unconstitutional). That is the province of the legislature. This court can only interpret the law as we find it; and so interpreting it, we are constrained to say, that under our statute the jury are not confined to mere pecuniary damages, and that the circuit court did not err in refusing the instruction offered by the plaintiff in error."

The *Matthews Case* was followed by *Baltimore & Ohio R. Co.* v. *Noell's Adm'r,* 32 Gratt. (73 Va.) 394. The same principle formerly announced in the *Matthews Case* was again applied. The court said that but for the peculiar language of our statute, differing from those of all the other States and differing in essential particulars from the English statute, it would be forced to hold that the damages recoverable would be limited to those pecuniary and actual. Again the court emphasized the fact that the Virginia statute contains no words of limitation as to the amount the jury may award (except as to the maximum amount of recovery of $10,000).

The Virginia statute next came before this court in *Simmons & Winch* v. *McConnell,* 86 Va. 494, 10 S. E. 838. The court adopted the same construction of the statute that was applied in the *Matthews Case.* Again in *Bertha Zinc Co.* v. *Black's Adm'r,* 88 Va. 303, 13 S. E. 452, the statute was construed. All of these cases refer to the *Matthews Case* and restate the principle there applied. In the case of *Ratcliffe* v. *McDonald's Adm'r,* 123 Va. 781, 97 S. E. 307, 308, Whittle, P., speaking for the court, said: "The statute provides that 'the jury in any such action may award such

damages as to it may seem fair and just, not exceeding ten thousand dollars.' No other restriction is placed upon the jury, and it was intended to leave the jury to fix the damages at such sum as the evidence in the particular case seemed to indicate was 'fair and just',* * *.'"

In West Virginia, we find a statute similar to ours. In the case of *Chesapeake & O. Ry Co.* v. *Hawkins, Adm'r,* 174 Fed. 597, 98 C. C. A. 443, 26 L. R. A. (N. S.) 309, the Federal court in construing the language of the West Virginia statute held that the question of the amount of damages recoverable was left to the jury, limited only to assessing such damages as to the jury "may seem fair and just" not exceeding $10,000.

The Supreme Court of Appeals of West Virginia, speaking through Judge Dent, in the case of *Turner* v. *Norfolk & W. R. Co.,* 40 W. Va. 675, 22 S. E. 83, 87, said:

"The last error assigned is that the damages allowed are excessive. Section 6, ch. 103, of the Code, provides that: 'In every such action the jury may give such damages as they shall deem fair and just not exceeding ten thousand dollars.' By the enactment of this law the legislature, as it had the power to do, gave the jury absolute control over the question of damages, within the limit fixed. The courts are clothed with no authority to disturb their findings, but are inhibited from so doing as positively as though plainly expressed in the language of the statute. They can neither enact, repeal, vacate, or amend legislative enactments within the limitations of the Constitution, within which the legislature is supreme and the judiciary powerless. It has been held by the Court of Appeals of Virginia, in construing a similar statute, from which our statute was taken, that the measure of damages in the case of a man's death is not limited to the pecuniary value of his life to his estate; but may be exemplary, punitive, and given as a solatium. *Matthews* v. *Warner's Adm'r,* 29 Gratt. [70 Va.] 570, 576 [26 Am. Rep. 396]; *Baltimore & O. R. Co.* v. *Noell's Adm'r,* 32 Gratt. [73 Va.] 394."

Later the West Virginia court reiterated the principle

laid down in the Turner case. In *Sample* v. *Consolidated Light & Railway Co.,* 50 W. Va. 472, 474, 40 S. E. 597, 598, 694, 57 L. R. A. 186, it was claimed by the plaintiff in error that the verdict of the jury was excessive. The verdict was for $4,000. The court had this to say: "This statute puts no value upon any individual, young or old, but the matter is left wholly with the jury as to what shall be deemed a fair and just amount of damages to be ascertained not to exceed the amount authorized by statute."

See also, *Thomas* v. *Wheeling Electrical Co.,* 54 W. Va. 395, 46 S. E. 217.

A case quite similar to the present one is *Hawkins* v. *Nuttallburg Coal & Coke Co.,* 66 W. Va. 415, 66 S. E. 520. One Carmen, while in the service of the company, was killed and his administrator sued the company to recover damages because of his death. A jury returned a verdict for the plaintiff for $500 damages and the plaintiff moved the court to set it aside because it was grossly inadequate. Over the objection of the defendant the court set aside the verdict and granted the plaintiff a new trial. That procedure was identical to the procedure in the instant case. Brannon, J., speaking for the court said: "The coal company was content to accept the verdict, and therefore opposed the motion to set it aside. It wanted finality. It wanted the suit to end with the verdict and the litigation closed. The action of the court deprived it of that finality.

"The only question then is: Is there error in the action of the court setting aside the verdict? We think there is. The jury is generally, in actions for tort, the judge of the amount of damages. We have held that, where a motion to set aside a verdict is because of excessive or inadequate damages, the court must not encroach on the province of a jury. In their assessment in tort cases there is no fixed measure, as in cases of contract. This is the case in actions generally. *Battrell* v. *Ohio River Ry. Co.,* 34 W. Va. 232, 12 S. E. 699, 11 L. R. A. 290. But in the case of an action under the statute for the death of a person this is

peculiarly the case. Our decisions go to the effect that the jury, in such cases, is under the statute giving the action absolutely the judge of the amount of damages, and its findings cannot be disturbed unless the court can see that the jury was actuated by passion, prejudice, or corruption. *Thomas* v. *Electrical Co.,* 54 W. Va. [395], 396, 46 S. E. 217, Syl., point 10; *Bertha Zinc Co.* v. *Black's Adm'r,* 88 Va. 303, 13 S. E. 452.

"There is no appearance of passion, prejudice, or corruption on the part of the jury, unless we can assert the presence thereof from the mere amount of the verdict. No evidence of passion, prejudice, or corruption is given. We cannot assume their presence. I suppose that the jury was in doubt whether it should find anything, * * *."

For an annotated note in which the cases from all of the States are collected and discussed, reference is made to 74 A. L. R. 40.

■ It is quite clear to us that the legislature in enacting the statute in question expressly placed the duty upon the jury, in actions for the death of a person caused by the wrongful act of another, to award such damages as to it may seem "fair and just" not exceeding ten thousand dollars. The language of the statute is plain, and this court must follow it.

Our conclusion is that the court was not justified in setting aside the first verdict. It will be reinstated and judgment will be entered thereon for $1,000, which will include the $250 property damage and the $750 awarded for the death claim. All proceedings subsequent to the first verdict are annulled.

*Reversed and final judgment.*