# Richmond

Joseph Wright, an Infant, etc. v. Joe E. Perry, et als.

March 12, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Chinn
and Eggleston, JJ.

The opinion states the case.

*Rixey & Rixey,* for the plaintiff in error.

*Foreman, Pender & Dyer,* for the defendants in error.

GREGORY, J., delivered the opinion of the court.

This is an action brought by Joseph Wright, an infant, suing by his next friend, for injuries received by him as a result of a collision between an automobile driven by him and a truck driven by Joe E. Perry and owned by J. R. Wright and C. A. Wright. As a result of the collision Joseph Wright suffered the loss of an arm which had to be amputated just below the shoulder.

There were three trials of the case. The first trial resulted in a hung jury; the second trial resulted in a verdict for the plaintiff for $2,000, which the court set aside and awarded a new trial, and the third trial resulted in a verdict for the defendants upon which judgment was pronounced. This writ of error is directed to that judgment.

If the trial court was in error in setting aside the verdict of $2,000, then this court will reinstate the verdict and render final judgment thereon and annul all proceedings subsequent to the verdict. *Chesapeake & O. Ry. Co.* v. *Nickel,* 157 Va. 382, 161 S. E. 248, and cases there cited.

The parties are now occupying in this court the same position which they occupied in the court below, that is, Joseph Wright, the plaintiff below, is here the plaintiff in error and Joe Perry, J. R. Wright and C. A. Wright, the defendants below, are here the defendants in error. The parties will be referred to as plaintiff and defendants in accordance with their respective positions in the trial court.

The plaintiff was driving a Chevrolet sedan in an easterly direction towards Portsmouth on one of the main State highways and according to his evidence and the evidence of his witnesses he was driving at the rate of twenty to twenty-five miles per hour and well over on his right side of the road. The truck driven by Perry and owned by the other two defendants was proceeding westwardly at a rapid speed. It had a large body upon it about eight feet in height and extending some two feet beyond the line of the front fender extremes on each side. There were no marker lights on the truck body at the

top left and right-hand corners. The collision occurred between seven and eight o'clock at night and it was dark. The truck was being driven on its right side of the road prior to meeting the car driven by the plaintiff but just before it reached a point opposite the car driven by the plaintiff the driver of the truck drove the same over to his left side of the road and into the plaintiff's car. The first point of impact on the truck was the forward point of the overhang on the left side of the body. The first point of impact on the car driven by the plaintiff was at the left front door. The left front wheel of the plaintiff's car went under the truck at a point where it came in contact with the left rear dual wheels of the truck, breaking down the left front wheel of the plaintiff's car. After the impact the plaintiff's car was stopped almost immediately and was found resting entirely to its right of the center of the road. The truck proceeded on past the point of impact for a distance of from 150 to 225 feet. The driver of the truck testified that the collision rendered his brakes ineffective and for that reason he did not sooner stop.

After the jury had returned its verdict for $2,000, in favor of the plaintiff, counsel for the defendants moved the court to set the same aside on the grounds that it erred in amending instruction A; that it also erred in granting instruction 4, and that the plaintiff was guilty of contributory negligence. Whereupon the court sustained the motion to set aside the verdict and awarded a new trial. This action of the court is the basis of the assignment of error.

At the trial, the defendants offered the following instruction, designated as instruction A:

"The court instructs the jury that you can not return a verdict in favor of the plaintiff in this case if you believe from the evidence that he was guilty of any act of negligence that caused or proximately contributed to the cause of the accident, however slight his negligence may have so contributed, and your verdict must be in favor of the

defendants, even though you may believe that they, the defendants, also were guilty of negligence."

The plaintiff objected to this instruction because, first, the phrase "however slight" was not proper and would mislead the jury, and second, that the latter part of the instruction, in effect, directed a verdict for the defendants irrespective of whether or not the plaintiff was guilty of contributory negligence. In other words it was claimed that the plaintiff, under the instruction, might be free from contributory negligence and still could not recover.

The court agreed with counsel for the plaintiff and amended and granted the instruction so that it read as follows:

"The court instructs the jury that you can not return a verdict in favor of the plaintiff in this case if you believe from the evidence that he was guilty of any act of negligence that caused, or proximately contributed to the cause of the accident."

The defendant objected to the amendment of the instruction.

The court in setting aside the verdict indicated that it was doing so chiefly because it had committed error in amending instruction A. This brings us to a consideration of whether or not the instruction as originally offered should have been given.

The instruction as originally offered contained the phrase "however slight" and this has been disapproved by this court in *Clinchfield Coal Corporation* v. *Osborne's Adm'r,* 114 Va. 13, 75 S. E. 750, 751. The court, speaking through Judge Harrison, said: "The language 'slightest degree' is a departure from that heretofore employed and approved by this court, and should not have been used. It was calculated to mislead and to visit upon the person injured all the consequences of the defendant's negligence, although the shortcoming of the plaintiff may have been so trivial as to have really been without appreciable effect." See also, *City of Charlottesville* v. *Jones,* 123 Va. 682, 97 S. E. 316.

In the case of *Appalachian Power Co.* v. *Wilson,* 142 Va. 468, 129 S. E. 277, 284, the phrase "guilty of any negligence, however slight," was contained in one of the instructions and that instruction along with a number of others was approved, but no point was made of the words "however slight" in the instruction. Those objectionable words were not specifically brought to the attention of the court when the instruction was approved. We do not think the court intended to overrule its prior decisions which have been referred to.

We think the action of the court in amending instruction A was entirely proper and that it was not justified in setting aside the verdict for that reason.

The instruction as originally offered was also objectionable because the latter portion of it was ambiguous and misleading. Emphasizing the finding in favor of the defendants, which is found in both the first and the last part of the instruction, and omitting to state the effect of the lack of contributory negligence on the part of the plaintiff in the latter part of the instruction, made the instruction misleading, and most likely it tended to confuse the jury.

Instruction one offered by the plaintiff embraced a statement of the duty of the driver of the truck to drive the same on his right side of the road. Instruction two defined the truck driver's duty to have displayed on the front top corners of his truck, lights or lamps, and instruction four outlined his duty as to speed. The jury were told by these instructions that if the plaintiff was free from negligence and if they believed from the evidence that the truck driver failed in any one of these duties and such failure was the proximate cause of the plaintiff's injury they should find in his favor.

The defendants contend that these instructions were improper because of lack of evidence to support them; that if the truck driver did fail in any of the duties named such failure had no causal connection with the plaintiff's injury. They say that the failure to have the

top corner lights on the truck did not cause the accident because the plaintiff testified that he saw the truck coming, therefore the lights could have given him no more warning than he already had. They also contend that the speed of the truck had nothing to do with the accident because if the defendants were guilty of any actionable negligence at all it was driving on the wrong side of the road. Under the circumstances of this case we think it was proper for the court to instruct the jury upon these duties. If top corner lights had been burning on the truck, or if it had not been driven at an excessive speed, or if it had been driven on the right side of the road, the collision would not have occurred according to the evidence for the plaintiff. Again, if those particular lights had been on or burning to designate the outside limits of the truck, it is quite possible the plaintiff could have pulled further to his right and avoided the accident. The speed of the truck and the side of the road upon which it was being driven were very material elements and proper subjects for an instruction. We think the instructions were applicable and supported by the evidence.

We also think there is no merit in the contention that the plaintiff was guilty of contributory negligence. At most, it was a question for the jury. The other points raised have been carefully considered and in our opinion are without merit.

The judgment complained of is reversed, the verdict upon the third trial is set aside, and the verdict of $2,000 upon the second trial in favor of the plaintiff against the defendants is reinstated, and judgment now entered thereon.

*Reversed and final judgment.*