# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

A. G. COOKE AND CECIL WILLIAMS, JR., AN INFANT, ETC. v.
HATTIE POWELL GRIGGS, ADMX., ETC.

April 23, 1945.

Record No. 2920.

Present, All the Justices.

The opinion states the case.

*J. Melvin Lovelace* and *James H. Corbitt*, for the plaintiffs in error.

*M. Anderson Maxey* and *Chas. B. Godwin, Jr.*, for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This action was instituted by Hattie P. Griggs, Administratrix of the estate of Dudley James Griggs, Jr., to recover damages for the death of her infant son, Dudley James Griggs, Jr., which resulted from injuries sustained in a collision between a bicycle upon which he was riding and a truck owned by A. G. Cooke and operated by Cecil Williams, Jr. A motion to strike the evidence of the plaintiff, after all of the evidence was concluded, was overruled. The jury returned a verdict for the plaintiff against both defendants in the sum of $7,000. Defendants immediately made a motion to set aside the verdict as contrary to the law and the evidence, without evidence to support it and excessive. Seven days later they moved to set aside the verdict "on the further ground of improper argument before the jury". The trial court overruled each of these motions and entered judgment according to the verdict.

The plaintiffs in error, hereinafter referred to as the defendants, contend that the trial court erred in overruling the foregoing motions, and in addition erred in granting and refusing certain instructions.

█ The principal question involved is the sufficiency of the evidence to sustain the verdict of the jury. The evidence is highly conflicting. In view of the verdict of the jury and the judgment of the court, we must consider it in the light most favorable to the plaintiff.

On the afternoon of June 28, 1943, Dudley James Griggs, Jr., 14 years of age, riding a bicycle, was returning to his home in Nansemond county from his work in the city of Suffolk. He was bound west on State Highway No. 58, a three lane highway, level, smooth, straight and paved with concrete. The day was clear and bright. When he was about one-half of a mile westerly from the city limits and a distance of 200 feet easterly from a gasoline service station, on the north or right hand side of the highway, operated by Thomas E. Worrell, there was a collision between his bicycle and a Ford truck owned by A. G. Cooke and driven by Cecil Williams, Jr. The rear wheel of the bicycle was crushed, Dudley was thrown against the truck and on to the ground. His face and skull were badly crushed, and his right arm broken. Death resulted shortly thereafterwards.

Thomas E. Worrell was an eyewitness to the collision. He was standing in front of his gasoline tanks waiting for prospective customers and looking east down the highway. He said he saw Dudley on his bicycle approaching, riding close to the right hand side of the road, bound west. At the same time he saw the Cooke truck approaching, about 50 feet behind the bicycle. The truck overtook the bicycle and its bumper hit the rear wheel of the bicycle, throwing the boy against the truck and to the ground. The truck continued its course, coming to a stop at a distance of 100 to 140 yards from the point of collision.

Immediately before the collision another witness, while sitting in a car waiting to enter the highway from its

north side, at a distance of about 200 feet easterly from the point of accident, saw the boy ride by on a bicycle a short distance ahead of a truck proceeding in the same direction. A third witness, a dump truck driver, stated that he passed Dudley on his bicycle about 200 feet from the scene of the accident and that Dudley was driving close to the edge of the concrete on the right hand side of the road. When he reached Worrell's service station he learned of the collision. He said he neither saw nor passed any other bicycle on the highway.

Cecil Williams, Jr., 15 years of age in April, 1943, was operating the truck in the employ of A. G. Cooke in the delivery of newspapers. Sitting in the cab of the truck with him was a younger brother, Frank Williams, 12 years of age. Each of these boys said they saw Dudley Griggs, Jr. at a stop-light intersection about four tenths of a mile east of the scene of the accident, but neither of them saw him again until after the collision. Cecil said his attention was attracted to the accident by the bumping of his back wheels over some object. The Cooke truck was a Ford model, 1 or 1½ ton capacity, with a panel or stake body to the rear of the cab. Cecil Williams, Jr. said that he was driving at the rate of between 25 and 30 miles an hour.

Several witnesses, with slight discrepancies as to the relative location of the vehicles, testified that Dudley Griggs, Jr., at the time of the accident, was riding his bicycle with his left hand holding on to the body of the Cooke truck and that suddenly the bicycle's front wheel turned into the truck and the collision resulted.

There is nothing inherently incredible about the testimony of Worrell. He had a clear unobstructed view of the collision. He was not shown to have any interest or bias in the case. He was subjected to a critical cross-examination and his testimony remained unshaken. Two other witnesses corroborated his testimony that the bicycle was on the highway in front of the approaching truck. The jury had the opportunity to observe the demeanor and attitude of the witnesses, their opportunity to know the facts about which

they testified, and they saw fit to believe the evidence favoring the plaintiff in preference to the evidence in conflict therewith, and this is sufficient evidence to fully sustain their verdict.

It is a rule firmly established in Virginia that the verdict of a jury rendered upon conflicting evidence, under proper instructions, and approved by the trial court will not be disturbed by this court when there is sufficient credible evidence to support it. See Vol. 1, Michie's Digest of Va. and W. Va. Reports, Appeal and Error, section 327, *et seq.*, and cases cited, and Vol. 2, West's Va. and W. Va. Digest, Appeal and Error, section 1001, *et seq.*

Accepting the evidence, as the jury did, that the bicycle was on the highway in front of the truck, it is clear that if Williams did not see Dudley Griggs, Jr., it was because he failed to keep a proper lookout. Had he seen him, as he was in duty bound, and had his truck been under control, he could readily have slowed down, stopped or passed to the left of the overtaken bicycle. His failure to exercise reasonable and ordinary caution and care constituted actionable negligence.

The remaining assignments of error are without merit.

The trial court gave 6 instructions at the request of the plaintiff and 7 at the request of the defendants, which fully and correctly cover any phase of the case. Error as to the instructions given and refused was not assigned in the trial court as a ground of the motion therein made to set aside the verdict.

The only objection to the plaintiff's instructions 1, 2, 3, and 4 is that there was no evidence to sustain them. It is not claimed that they do not state the law.

What we have said disposes of the assignment as to them.

We perceive no error in plaintiff's instructions 5 and 6. No objection to No. 6 is stated with reasonable certainty.

In Instruction C, requested by the defendants, the court properly eliminated the words "in any extent", as measuring the quantum of contributory negligence to bar a recovery. Contributory negligence as a defense must be

more than merely trivial, it must be a contributing cause of the accident. *Wright* v. *Perry*, 166 Va. 222, 184 S. E. 206; *Yeary* v. *Holbrook*, 171 Va. 266, 198 S. E. 441.

The court committed no error in striking out the word "sole" before the words "proximate cause" in instruction D. The plaintiff was not required to prove that Dudley Griggs, Jr., was free from contributory negligence. She was only required to show that the negligence of the defendants was the proximate cause of the injury. The burden of proving contributory negligence was on the defendants. The trial court properly refused instruction F, which undertook to tell the jury that plaintiff's decedent was guilty as a matter of law. Instruction H was properly refused because it was covered by instructions given.

The jury fixed the amount of damages within the range provided by Va. Code, 1942, (Michie), Sec. 5787, the so-called "death by wrongful act statute". They might have fixed the amount at less than $10,000, and they had authority to fix it as high as $15,000. *Harris* v. *Royer*, 165 Va. 461, 182 S. E. 276; *Trant, Inc.* v. *Upton*, 159 Va. 355, 165 S. E. 404; *Chick Transit Corp.* v. *Edenton*, 170 Va. 361, 196 S. E. 648.

In *Trant, Inc.* v. *Upton*, *supra*, a verdict of $10,000 for the wrongful death of a four-year-old child was sustained.

Dudley Griggs, Jr., was one of six children of a widowed mother. He had three sisters, aged respectively 10, 12, and 22, and two brothers, respectively 8 and 16 years of age. He was on threshold of young manhood, a first-year high school student, and in his small way assisted his family by working after school hours and during the summer. No appearance of passion, prejudice or corruption on the part of the jury is presented in the record.

With reference to the final assignment of error, that argument of plaintiff's counsel was improper, it should be sufficient to say that the argument was based on the evidence. The tragic event afforded full play for strong and effective argument based on the evidence. That counsel availed himself of this opportunity is evident.

It may be further added that the objection to the argument as being improper was not timely made. This court has held frequently that objection to improper argument before a jury should be made at the time of such argument. There are no unusual circumstances which justify an exception to that rule in this case. *Southern R. Co.* v. *Johnson*, 151 Va. 345, 146 S. E. 363; *Majestic Steam Laundry* v. *Puckett*, 161 Va. 524, 171 S. E. 491; *Chesapeake, etc., R. Co.* v. *Folkes*, 179 Va. 60, 18 S. E. (2d) 309.

The judgment of the trial court is accordingly affirmed.

*Affirmed.*