## Richmond

### WILBUR LUMPKIN v. JOHN DOE.

March 9, 1970.

Record No. 7063.

Present, I'Anson, Carrico, Gordon, Cochran and Harman, JJ.

*Joseph A. Billingsley, Jr.*, for plaintiff in error.

*J. M. H. Willis, Jr.* (*Willis, Garnett & Braxton*, on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

The motion for judgment filed in this uninsured motorist action alleged that Wilbur Lumpkin, the plaintiff, was injured when the bicycle he was riding was negligently struck by an automobile operated by John Doe, the defendant, an unknown person. The plaintiff was awarded a jury verdict in the sum of $15,000. The trial court set aside the verdict and entered final judgment for the defendant. The plaintiff was granted a writ of error.

The accident occurred after dark on March 22, 1967, on U. S. Highway 301 near its intersection with State Route 611 in King George County. At the scene, Route 301 consists of two lanes for northbound traffic and two for southbound, separated by a median strip. A gravel shoulder 13 feet 5 inches wide adjoins the pavement on the western side of the highway.

The plaintiff was 27 years old at the time of the accident. He

was riding his bicycle, equipped with a burning headlight and a rear reflector, in a southerly direction on the western shoulder of Route 301. His last recollection before the accident was that he was in the "center of the shoulder" approaching the intersection of Routes 301 and 611.

After the accident, the plaintiff was found lying on the western shoulder "5 or 6 feet" from the hard surface of the road and approximately 25 feet from the intersection. He was unconscious and bleeding from "the head and his buttocks." There were pools of blood on the shoulder under the two areas of injury. The bicycle was found in the middle of the shoulder just north of where the plaintiff was lying. Part of a bicycle pedal was found in the same area. Also found on the shoulder were two windshield wipers and part of a rearview mirror "similar to those used on automobiles."

The luggage rack on the rear of the bicycle was slightly damaged on its left side. There was also slight damage to the rear fender. The bicycle was displayed before the jury as an exhibit.

The investigating state trooper found no marks on the road or the shoulder which he "could [attribute] to this accident." A prolonged investigation failed to disclose the identity of the person who caused the plaintiff's injury.

The plaintiff did not regain consciousness until the day following the accident. He was diagnosed as having severe lacerations of the head, fractures of the left thigh and leg, and a deep puncture wound of the left buttock.

At trial, the plaintiff had "no recollection whatever of this accident." He did not remember seeing or hearing a motor vehicle. He insisted that he was in the "center of the shoulder" near the intersection before he was struck. He could not say, however, how much time elapsed or what distance he traveled between the time of his last recollection and the occurrence of the accident.

In his brief on appeal, the defendant concedes that "the evidence in this case is sufficient to support an inference that the Plaintiff suffered his injuries by reason of a collision with a motor vehicle, and that by virtue of statutory definition, that motor vehicle was being operated by the Defendant, John Doe." The defendant further concedes that the evidence is insufficient to support a finding that the plaintiff was "guilty of contributory negligence as a matter of law." The defendant also concedes that the evidence is not sufficient to warrant a finding "that the accident was occasioned

by sudden illness or incapacity on his part or by a mechanical defect in his vehicle."

No issue is raised concerning instructions. The question before us is, therefore, narrowed to whether there was sufficient evidence of negligence on the part of the defendant to support the jury's verdict in favor of the plaintiff.

It is the theory of the plaintiff that the defendant, proceeding in the same direction as the plaintiff, was negligent because he failed to maintain a proper lookout and wrongfully drove or ran off the paved portion of the highway onto the shoulder into the plaintiff's bicycle. It is the contention of the defendant that the plaintiff did not establish a case of negligence because he did not show where, how, or why the accident occurred.

It is crucial to the plaintiff's theory to determine whether the accident took place on the shoulder of the road. The plaintiff testified that before he was struck, he last remembered being in the "center of the shoulder." After the accident, he was found, as the trial judge noted, "right almost in that spot," meaning approximately in the "center of the shoulder" or "5 or 6 feet" from the edge of the hard surface.

All the physical evidence indicated that the accident occurred on the shoulder. There was no evidence indicating that the accident occurred on the paved portion of the highway.

The defendant has conceded that the plaintiff was free of contributory negligence. That concession and the evidence foreclose any contention that the plaintiff may have veered from the shoulder onto the paved portion of the highway into the path of the defendant's vehicle.

All this, we believe, makes it conclusive upon us that the plaintiff was struck on the shoulder of the road. Thus, *where* the accident occurred has been established.

The defendant has conceded that the collision was not occasioned by his sudden illness or incapacity or by a mechanical defect in his vehicle. And the defendant does not rely upon the intervening act of any third party as the cause of the accident. Therefore, since the accident occurred on the shoulder of and well off the road, a reasonable inference may be drawn that the defendant wrongfully drove or ran off the road onto the shoulder into the plaintiff's bicycle.

It may well be, as the defendant argued in the trial court during consideration of instructions, that "running off the road is not ipso

facto negligence." But a different situation necessarily exists where running off the road is not occasioned by some emergency or act of a third party and occurs where the driver sees or ought to see a lighted bicycle on the shoulder and collides with that bicycle.

Thus, it is established, we believe, *how and why* the accident occurred. It happened because the defendant failed to maintain a proper lookout and to heed what such a lookout would have disclosed. Failing that duty, he wrongfully ran off the road and into the bicycle when the exercise of due care required him to remain on the hard surface and to pass to the left of the plaintiff. This, under the law, constitutes actionable negligence. *Cooke* v. *Griggs*, 183 Va. 851, 856, 33 S.E.2d 764, 766 (1945).

The cases of *Elliott* v. *Anderson*, 208 Va. 753, 160 S.E.2d 775 (1968), *Guthrie* v. *Carter*, 190 Va. 354, 57 S.E.2d 45 (1950), and *Vaughn and Spears* v. *Huff*, 186 Va. 144, 41 S.E.2d 482 (1947), relied upon by the defendant, differ in their factual situations from the case at bar and are not controlling here. Those cases involved injury to or death of pedestrians under circumstances warranting either a finding that the victim was in the highway when struck or a finding that it was impossible to tell where the accident occurred.

The judgment of the trial court will be reversed, the jury's verdict reinstated, and final judgment entered here for the plaintiff.

*Reversed and final judgment.*