# Richmond

## RALPH McLEAN v. COMMONWEALTH OF VIRGINIA.

June 9, 1947.

Record No. 3233.

Present, All the Justices.

The opinion states the case.

*James N. Garrett*, for the plaintiff in error.

*Abram P. Staples, Attorney General*, and *Walter E. Rogers, Assistant Attorney General*, for the Commonwealth.

HUDGINS, J., delivered the opinion of the court.

Ralph McLean was convicted of statutory rape and sentenced to the penitentiary for twenty years.

The only error assigned is the refusal of the trial court to sustain a motion for a mistrial, based on the improper and inflammatory argument of the Commonwealth's attorney.

The testimony for the Commonwealth is that, in the late afternoon of June 17, 1946, Betty Lou Burgess, thirteen and a half years of age, entered a gas and oil station, drank a Coca-Cola, was enticed into the furnace room and there ravished by Ralph McLean, a young man twenty years of age, temporarily employed by his brother, the owner of the filling station. Shortly after 7:00 P. M., the father and mother of Betty Lou Burgess drove up to the service station looking for her. As they arrived, they saw her being "crowded" out of the furnace room door by Ralph McLean. The back of the child's dress was "messed up." Bloodstains were later found on her underclothes. The father's suspicions were aroused and, in response to his demand, Ralph McLean admitted that he had had intercourse with the girl. The father immediately reported the matter to the police and took his daughter to the hospital for an examination.

The evidence for the accused is that the prosecutrix came into the service station while Ralph McLean and his brother were there; that during her entire stay other employees were

in and out of the furnace room carrying bags of coal; and that other men were repairing a truck in the back yard. There was further evidence tending to show that Ralph McLean not only did not have connection with the prosecutrix but did not have an opportunity to do so.

On the vital issue the evidence was in conflict. If we accept the evidence for the Commonwealth, the guilt of the accused is established beyond a reasonable doubt. However, the jury had a right to believe the testimony of the accused and his witnesses as it tends to prove him innocent of the crime charged.

This was the evidence before the jury when the attorney for the Commonwealth, in his closing argument, said:

" * * * You gentlemen are gentlemen of average intelligence. You are the average citizen of today, and you read the papers. Almost every week the people of our country are shocked by the blazing headlines of the papers that some crazed maniac has not only violated the body of a helpless and innocent child, but in order to cover the crime up has taken the life of that child. You have read in the papers just a few weeks ago of the case of this little child up here, I believe, in Illinois, whose body was found dismembered.

"Mr. Powell (attorney for the accused): I should like to rise to object and I am going to move for a mistrial on the conduct of the Commonwealth's Attorney in referring to some sex maniac in Illinois. There is no evidence in this case about any such case as that, and I think it is prejudicial to the accused.

"The Court. I overrule the motion.

"Mr. Powell: We except."

We said, in *Spencer v. Commonwealth*, 143 Va. 531, 129 S. E. 351:

"The decisions in Virginia and elsewhere support these two general propositions:

"1. That a new trial may be allowed where the court has failed or refused to properly check improper remarks or argument of counsel, or to properly instruct the jury thereon, but the statements must be fairly calculated to improperly

influence the jury. *Mullins* v. *Commonwealth*, 113 Va. 787, 792, 75 S. E. 193; *McCoy* v. *Commonwealth*, 125 Va. 771, 778, 99 S. E. 644.

"2. That there are cases in which the effect of statements of counsel cannot be adequately overcome by direction to the jury to disregard the objectionable statements. *Washington, etc., Ry.* v. *Ward*, 119 Va. 334, 339, 89 S. E. 140; *Rinehart & Dennis Co.* v. *Brown*, 137 Va. 670, 675, 120 S. E. 269; *Harris* v. *Commonwealth*, 133 Va. 700, 112 S. E. 753."

The Attorney General concedes that the argument was improper, but he contends that it was not so prejudicial as to justify this court in reversing the judgment of conviction. We cannot agree with this contention.

Sometimes it is difficult to draw the line between proper and improper comments, hence the general rule is to leave such distinction largely to the discretion of the trial court, whose ruling will be allowed to stand unless it is made to appear probable that the party complaining has been substantially prejudiced by the objectionable remarks or argument. *Steel* v. *Commonwealth*, 157 Va. 810, 160 S. E. 185; *Seay* v. *Commonwealth*, 135 Va. 737, 115 S. E. 574; *Harris* v. *Commonwealth*, 133 Va. 700, 708, 112 S. E. 753; *Spencer* v. *Commonwealth, supra; Combs* v. *State*, 75 Ind. 215, 219; 24 C. J. S., Criminal Law, section 1902, p. 905.

While the foregoing is the general rule, each case must be determined by its own controlling facts and circumstances. In the case at bar, the crime itself is one well calculated to arouse the indignation of all fair-minded citizens. The prosecutrix had reached the age of puberty, but not the age of consent as fixed by statute. The circumstances reveal that if the accused had sexual intercourse with her, it was done without resistance. Hence, comparing the accused with the criminal who broke into a bedroom, kidnapped a sleeping child six years of age, dismembered her body and hid the different parts in various sections of the city to conceal a sexual crime, tended to prejudice the accused in the minds of the jurors.

The probability of such prejudice was increased by the failure of the court to check that line of argument and to instruct the jury to disregard the improper remarks. This left the jury under the impression, not only that the remarks were proper, but that the court approved the inflammatory statements and the unfair comparison of the two offenses. *Green* v. *Commonwealth*, 122 Va. 862, 94 S. E. 940.

While the statute authorizes the jury to fix the punishment, it is probable that the unrebuked, improper remarks of the Commonwealth's attorney unduly influenced the jury either in determining the guilt of the accused or in determining the measure of punishment. *Harrison* v. *Commonwealth*, 183 Va. 394, 32 S. E. (2d) 136; *Bateman* v. *Commonwealth*, 183 Va. 253, 32 S. E. (2d) 134; *McReynolds* v. *Commonwealth*, 177 Va. 933, 15 S. E. (2d) 70.

The judgment of the trial court is reversed, the verdict of the jury set aside and the case remanded for a new trial.

*Reversed and remanded.*