454 S.E.2d 750

Shawn L. MACK

v.

**COMMONWEALTH of Virginia.**

Record No. 1574–93–4.

Court of Appeals of Virginia,
Alexandria.

March 7, 1995.

**6**

(James C. Love, IV, on brief), for appellant.

Michael T. Judge, Asst. Atty. Gen. (James S. Gilmore, III, Atty. Gen., Virginia B. Theisen, Asst. Atty. Gen., on brief), for appellee.

Present: WILLIS, BRAY and FITZPATRICK, JJ.

WILLIS, Judge.

On appeal from his conviction of robbery, Shawn L. Mack contends that the trial court erred (1) in allowing statements made by a prosecution witness characterizing the victim, and (2) in allowing inflammatory arguments made by the Commonwealth's Attorney. We find no error and affirm the judgment of the trial court.

On the evening of January 12, 1993, Katherine Warrick and her twelve year old daughter were at the Manassas Junction Shopping Center. As they were getting into their car Mack approached Ms. Warrick, displayed a knife, and demanded her purse. He then fled in a brown Toyota that was two or three spots behind Ms. Warrick's car with its engine running and its headlights on. Michael Redwine, a United States Secret Service Agent, witnessed the robbery. After determining that Ms. Warrick and her daughter were not injured, Redwine pursued Mack. Mack ran a red light causing a major car accident. He crawled out of the window of his car in an attempt to escape. Redwine held him at gunpoint until the police arrived.

At the police station, Mack told Officer Masterson that "he would basically go before a jury trial and that he would get five years.... And he said he would basically do 17 months in the penitentiary and when he got out, you'd better watch out, that we'd have to deal with him then."

At trial, Redwine testified that he saw Mack confront Ms. Warrick. Redwine said, "looking at her expression on her face I could see the fear of death on her face." Mack objected on the ground that Redwine could not characterize the victim's

expression. The trial court overruled the motion, stating the witness could testify about his personal observations.

During closing argument, the Commonwealth's Attorney stated that the appellant's "contempt for the system" went beyond his actions at the scene of the arrest. The Commonwealth's Attorney further said:

And he says to Mr. Masterson, it doesn't make any difference, the jury is only going to give me five years. I know what I'll end up doing, I'll end up serving seventeen months and you'll have me to deal with again when I get out.

Let me ask you, folks, do you think the next time this man after serving his sentence gets out and commits a robbery, do you think he'll leave an eyewitness alive to identify him? He will not.

The defense interposed no objection and made no motion for a mistrial.

■ Mack first contends that Redwine should not have been allowed to testify about his characterization of the victim's facial expression at the time of the robbery. He argues that the court erred in overruling his objection because the statement prejudiced the jury to a degree that denied him a fair trial. We disagree.

■ The admissibility of evidence lies within the sound discretion of the trial court. A trial court's evidentiary rulings will not be disturbed on appeal unless a clear abuse of discretion is shown. *Coe v. Commonwealth,* 231 Va. 83, 88, 340 S.E.2d 820, 823 (1986). The trial court did not err in allowing Redwine to describe his observation of the victim's facial expression. The victim's intimidation and fear were an element of the charge, proof of which was relevant to the case. Redwine's testimony was a competent report of his observation of these emotions as manifested in the victim's facial expression.

■ Mack next contends that the statements made by the Commonwealth's Attorney during closing argument were "so impressive as to remain in the minds of the jurors and

influence their verdict." *Kitze v. Commonwealth,* 246 Va. 283, 288, 435 S.E.2d 583, 585 (1993). He contends that this argument constitutes reversible error. Citing *Spencer v. Commonwealth,* 143 Va. 531, 535, 129 S.E. 351, 351 (1925), he further contends that he was not required to object or ask for a cautionary instruction during the Commonwealth's argument because he believed a cautionary instruction would not cure the prejudice. We disagree.

It is well-settled that errors assigned because of a prosecutor's alleged improper comments or conduct during argument will not be considered on appeal unless an accused timely moves for a cautionary instruction or for a mistrial. The motions must be made timely if the accused desires to take advantage of his objection on appeal.

*Cheng v. Commonwealth,* 240 Va. 26, 38, 393 S.E.2d 599, 605–06 (1990). This requirement affords the trial court the opportunity to provide cautionary instructions when appropriate to correct the alleged error. *Beavers v. Commonwealth,* 245 Va. 268, 279, 427 S.E.2d 411, 419, *cert. denied,* —— U.S. ——, 114 S.Ct. 171, 126 L.Ed.2d 130 (1993). Mack did not object during the Commonwealth's closing argument nor did he ask for a cautionary instruction.

Mack's reliance on *Spencer* is misplaced. The Court in *Spencer* held that "[t]here are cases in which the effect of statements of counsel cannot be adequately overcome by direction to the jury to disregard the objectionable." 143 Va. at 535, 129 S.E. at 352. The Court did not hold that the complaining party need not object, as Mack contends. It held, rather, that when a cautionary instruction is insufficient to remove the prejudice, a new trial is necessary. Mack neither objected nor moved for a mistrial.

Because Mack failed to object during trial, he is now barred from addressing the argument issue on appeal. Rule 5A:18. *See Swann v. Commonwealth,* 247 Va. 222, 230, 441 S.E.2d 195, 201, *cert. denied,* —— U.S. ——, 115 S.Ct. 234, 130 L.Ed.2d 158 (1994) (defendant bears burden of making objections to actions of Commonwealth and cannot rely on trial

court to notice alleged error sua sponte), *see also Russo v. Commonwealth,* 207 Va. 251, 257, 148 S.E.2d 820, 825 (1966), *cert. denied,* 386 U.S. 909, 87 S.Ct. 855, 17 L.Ed.2d 782 (1967) (counsel cannot remain silent when improper argument is made, and on conclusion of argument and in the absence of the jury, successfully move for a mistrial).

We affirm the judgment of the trial court.

*Affirmed.*