COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Felton and Kelsey
Argued at Richmond, Virginia

HARRY ALPHONSO CUTCHIN

                                            MEMORANDUM OPINION[*] BY
v.    Record No. 1736-01-2               JUDGE ROBERT P. FRANK
                                              NOVEMBER 26, 2002
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Edward L. Hogshire, Judge

        Andrew L. Wilder for appellant.

        Marla Graff Decker, Assistant Attorney
        General (Jerry W. Kilgore, Attorney General,
        on brief), for appellee.


Harry Alphonso Cutchin (appellant) was convicted in a jury trial of robbery, in violation of Code § 18.2-58.  On appeal, he contends the trial court erred in denying his motion for a mistrial, claiming the Commonwealth attorney made prejudicial remarks to the jury during voir dire.  For the reasons stated, we affirm.

I.  BACKGROUND

The trial court initially conducted voir dire of the prospective jury panelists.  Thereafter, the Commonwealth conducted further voir dire, asking:

_____

      * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

And if the law required you to propose a sentence . . . the maximum sentence available under law, would you do that if that was something that the law told you to do and by the same token, would you also impose a sentence that would be the lowest if the law required you to do that?[1]

(Ellipsis in transcript.)  Before the venire had an opportunity to respond, a prospective juror said, "I have a question."  The court acknowledged her, and the venireman asked, "What is the maximum allowable penalty in this case?"

The prosecutor responded:

This is a penalty . . . this is a robbery. Should defendant be convicted of a robbery, the maximum penalty would be life in prison. The . . . it's . . . and it's arranged [sic] from five to life.  So, if the law said that you had to give him a five year sentence, would everybody be able to do that and if the law said you have to give the maximum sentence, would everybody be able to do that?

(Ellipses in transcript.)  Defense counsel did not object to the venireman's question or to the prosecutor's response.  The prosecutor completed his inquiry, and defense counsel asked his questions of the veniremen.

After the conclusion of voir dire, defense counsel raised for the first time concerns about the Commonwealth's earlier

---

[1] We are not asked to address the propriety of this type of voir dire.  See Commonwealth v. Hill, 264 Va. 315, 320, 568 S.E.2d 673, 676 (2002) (holding that, in a non-capital case, neither the defendant nor the Commonwealth has a constitutional or statutory right to question a jury panel about the range of punishment that may be imposed upon the defendant).

comments to the jury regarding the minimum and maximum penalty for robbery. Defense counsel complained that, since the Commonwealth was going to ask for a mandatory life sentence under the "three strikes law," Code § 19.2-297.1, he had misled the jury by suggesting that a minimum punishment of five years was possible. Counsel indicated, "[T]his is my first chance outside the presence of the jury to point it out." Counsel moved for a mistrial after some additional discussion of the issue. The trial court denied counsel's motion.

## II. ANALYSIS

Appellant contends the trial court erred in failing to grant a mistrial. Essentially, appellant maintains the Commonwealth misled the jury into believing they could sentence within a range of punishment, five years to life, when, if proved, the indictment required a mandatory life sentence.[2] Appellant also contends his due process rights were violated when the trial court refused to grant the mistrial. Further, appellant argues the prosecutor usurped the duty of the court to instruct the jury on the law and to answer jurors' questions.

The Commonwealth argues appellant's motion for a mistrial was untimely made and, therefore, was not preserved for appeal. We agree.

---

[2] The indictment listed Code § 19.2-297.1, which requires a mandatory life sentence for any person "upon conviction of a third or subsequent act of violence."

-

"A timely motion for a mistrial or a cautionary instruction is required to preserve the issue for appeal even if an objection was properly made to the conduct or comments and improperly overruled by the trial judge." Morris v. Commonwealth, 14 Va. App. 283, 287, 416 S.E.2d 462, 464 (1992) (en banc). "The recognized purpose of this requirement is to prevent retrials by calling error to the attention of the trial judge, who may then caution the jury to disregard the inappropriate remarks." Craddock [v. Commonwealth], 16 Va. App. [402,] 405, 429 S.E.2d [889,] 891 [(1993)]. See Mack v. Commonwealth, 20 Va. App. 5, 8, 454 S.E.2d 750, 751 (1995).

"Making a timely motion for mistrial means making the motion 'when the objectionable words were spoken'" Yeatts v. Commonwealth, 242 Va. 121, 137, 410 S.E.2d 254, 264 (1991) (quoting Reid v. Baumgardner, 217 Va. 769, 774, 232 S.E.2d 778, 781 (1977)). "If counsel believes that an argument requires or justifies a mistrial, he has the duty to move promptly before conclusion of the argument so that the trial court may determine what corrective action, if any, should be taken." Pullen v. Nickens, 226 Va. 342, 346-47, 310 S.E.2d 452, 454-55 (1983). See Beavers [v. Commonwealth], 245 Va. [268,] 278-79, 427 S.E.2d [411,] 419 [(1993)] (holding that a complainant's failure to object and move for a mistrial until the conclusion of an opening statement constituted a waiver of its arguments on appeal). There appears to be no exception in Virginia law to the strict application of this rule.

Bennett v. Commonwealth, 29 Va. App. 261, 281, 511 S.E.2d 439, 448-49 (1999).

Here, when the Commonwealth responded to the prospective juror's question, appellant did not raise any objection. Appellant did not move for a mistrial at that time. The

-

prosecutor continued with voir dire, and then appellant questioned the panel. Several veniremen were individually questioned. The trial court even recognized a witness who had to leave the court that morning. Two veniremen were removed for cause. Still appellant made no motion for a mistrial.

Only when the trial court began to call up two additional veniremen did appellant express concern over the Commonwealth's mention of a sentencing range, claiming it was "my first chance outside the presence of the jury to point it out." After further argument, appellant finally asked for a mistrial.

The record belies appellant's assertion that his objection and motion were timely. He had every opportunity to make his objection known when the prosecutor answered the potential juror's question. The fact that the panel was present is of no moment. Making a timely motion for mistrial means making the motion "when the objectionable words were spoken." Reid, 217 Va. at 774, 232 S.E.2d at 781. Appellant could have objected and asked for the panel to be excused while the objection was discussed, if he believed the argument might prejudice the panel.

Appellant's motion, based on the Commonwealth's comments during voir dire, fails the test of timeliness and was properly denied. We affirm the judgment of the trial court.

Affirmed.

-