COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Clements and Senior Judge Annunziata


TAMMY DIANA BOWEN
                                                        MEMORANDUM OPINION[*]
v.        Record No. 1553-06-2                                PER CURIAM
                                                         DECEMBER 12, 2006
DANIEL PAUL SMITH


               FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                          Ernest P. Gates, Judge Designate

                  (Owaiian M. Jones, on brief), for appellant.

                  (John Franklin; Woehrle & Franklin, on brief), for appellee.


        Tammy Diana Bowen, mother, appeals a trial court order finding that she committed an

act of abuse and issuing a protective order.  In her opening brief, mother makes several

arguments relating to the trial court's findings and issuance of the protective order.  Upon

reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

        The arguments raised in mother's brief include:  (1) "the evidence was wholly

unsupported to permit a finding that [she] committed an act of abuse" due to conflicts and

contradictions in the testimony; (2) the trial "court failed to consider that she had a legal

responsibility and duty to control her children" and "a parental right to administer corporal

punishment to maintain that control," and she "did not exceed the bounds of moderation and

reason in this case"; and (3) the trial court "erred by entering a two-year child protective order

against" her.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The trial court entered its final order on May 19, 2006. Wife endorsed it as "Seen and objected as stated in open court." The parties filed no transcripts from the hearings, relying instead on a written statement of facts pursuant to Rule 5A:8. The only reference to wife's objections is contained in Paragraph 56, which states, "[Wife] objected to the entry of the Child Protective Order."

"As a precondition to appellate review, Rule 5A:18 requires a contemporaneous objection in the trial court to preserve the issue on appeal." Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, aff'd on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). "The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citing Reid v. Baumgardner, 217 Va. 769, 773, 232 S.E.2d 778, 780 (1977)).

This Court has held that merely endorsing a final order as "seen and excepted to for all reasons stated in the record" is insufficient, standing alone, to preserve a particular issue for appeal. Courembis v. Courembis, 43 Va. App. 18, 26, 595 S.E.2d 505, 509 (2004). The record fails to show that mother made the specific arguments she now raises on appeal or that the trial court ruled on such objections. Thus, this issue was not preserved for appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Accordingly, the judgment of the trial court is summarily affirmed.

Affirmed.