COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Senior Judge Annunziata


MAUREEN BLAKE
                                                MEMORANDUM OPINION*
v.        Record No. 0387-07-4                       PER CURIAM
                                                  AUGUST 14, 2007
VICTOR BLAKE


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Herman A. Whisenant, Jr., Judge Designate

(Maureen Blake, *pro se*, on brief).

(William R. Fitzpatrick; Sevila, Saunders, Huddleston & White,
P.C., on brief), for appellee.


Maureen Blake (wife) appeals from the circuit court's January 10, 2007 order denying her

petition for a protective order against Victor Blake (husband).  On appeal, wife contends the trial

court erred by 1) failing "to allow witnesses to be called prior to rendering a decision in this case,"

2) failing "to allow entry of evidence of a photograph to be considered in this case," 3) determining

there was no credible evidence of abuse to support the issuing of a protective order, and 4) "not

considering evidence of child abuse" in the protective order hearing.  Husband seeks attorney's fees

and costs incurred in conjunction with this appeal.  Upon reviewing the record and briefs, we

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

                                    BACKGROUND

Husband, wife, and their four children traveled to property owned by husband in Virginia

from New York in June 2006.  On June 29, the parties argued, culminating in wife calling the police

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and husband temporarily leaving the residence. At a hearing on husband's appeal of the entry of a protective order awarded by the juvenile court, the parties presented different versions of the extent and content of the argument. Following the hearing and upon consideration of wife's motion for reconsideration, the circuit court entered a final order dismissing wife's petition for a protective order. This appeal followed.

ANALYSIS

I.

Wife argues the trial court erred by failing to allow her to call Deputy Overstreet to testify at the hearing.

Although wife's counsel indicated Overstreet was present during the hearing, wife never attempted to call her witness. She also made no objection when the judge announced, "I don't need any more witnesses because I've heard from you . . . ." Wife endorsed the court's final order, "seen and objected to," adding, the "court did not allow petitioner to call subpoenaed witness (Deputy Overstreet) or allow rebuttal evidence of petitioner."

> The contemporaneous objection rule, embodied in Rule 5A:18 in the Court of Appeals . . . is based on the principle that a litigant has the responsibility to afford a court the opportunity to consider and correct a perceived error before such error is brought to the appellate court for review. Reid v. Baumgardner, 217 Va. 769, 773, 232 S.E.2d 778, 781 (1977). The contemporaneous objection rules . . . exist "[']to protect the trial court from appeals based upon undisclosed grounds, to prevent the setting of traps on appeal, to enable the trial judge to rule intelligently, and to avoid unnecessary reversals and mistrials.[']" Reid v. Boyle, 259 Va. 356, 372, 527 S.E.2d 137, 146 (2000) (quoting Fisher v. Commonwealth, 236 Va. 403, 414, 374 S.E.2d 46, 52 (1988)). These rules are not limited to evidentiary rulings and require objection while the tribunal is in a position to correct a claimed error. Id.; Reid v. Baumgardner, 217 Va. at 774, 232 S.E.2d at 781.

Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003). Because wife did not timely object to the court's statement that it had heard enough evidence to rule on

the petition for the issuance of a protective order, Rule 5A:18 bars our consideration of this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

## II.

Wife argues the court erred by not admitting "a photograph of a welt on the parties' daughter . . . ." She asserts "[t]he appropriate time to present the evidence . . . clearly would have been during [Deputy Overstreet's] direct examination as a witness for [wife's] case." She reasons that "[b]y cutting this hearing short and not allowing [Overstreet's] testimony there was a breach of judicial duty to ensure that all relevant evidence is presented and preserved for the record in this case."

As noted above, wife failed to request her witness be permitted to testify and likewise never sought to enter the photograph as an exhibit. Accordingly, we need not address this issue. See Rule 5A:18.

## III.

Wife contends the trial court erred "in the determination that there was no credible evidence of abuse of [her] on the part of [husband] that met the criterion of" issuing a protective order.

"The judge's authority to issue the protective order derived from Code §§ 16.1-278.14 and 16.1-279.1." Goodwin v. Commonwealth, 23 Va. App. 475, 480, 477 S.E.2d 781, 783 (1996).

In pertinent part, Code § 16.1-279.1 states that "[i]n cases of family abuse, the court may issue an order of protection to protect the health and safety of the petitioner and to effect the rehabilitation of the abusing person and reconciliation of the parties as the court deems appropriate." "'Family abuse' means any act involving violence, force, or threat including any forceful detention, which results in physical injury or places one in reasonable apprehension of serious bodily injury and which is committed by a person against such person's family or household member." Code § 16.1-228.

The trial court heard testimony from both parties and announced it found wife's testimony less than credible. "Determining the credibility of witnesses who give conflicting accounts is within the exclusive province of the jury, which has the unique opportunity to observe the demeanor of the witnesses as they testify." Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993). The trial court repeatedly admonished wife during the hearing for interrupting court with her outbursts and erratic behavior. The court disbelieved wife's version of the events. We find no error with the court's credibility determination and no abuse of discretion in the court's refusal to issue the protective order.

IV.

Wife argues the trial court erred in not considering evidence of child abuse of the parties' daughter and "limiting the scope of [her] argument to the abuse rendered against her."

Wife failed to present this argument to the trial court. When husband's counsel objected to testimony regarding any child abuse, wife's counsel conceded the petition for a protective order did not allege any child abuse. Wife did not argue before the trial court, as she does on appeal, that "it would be relevant to allow testimony regarding an allegation of assault against the daughter . . . which occurred the same weekend the petition for the protective order was filed."

Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal. Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*). A trial court must be alerted to the precise "issue" to which a party objects. Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992). Because wife did not present this argument to the trial court, Rule 5A:18 bars our consideration of the question on appeal.

V.

Husband requests this Court to award attorney's fees and costs incurred on appeal.

Upon a review of this appeal, we find that the wife's case presents numerous questions that are not supported by law or evidence. See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994). Therefore, we award attorney's fees to husband and remand this case to the trial court for determination of attorney's fees and costs incurred in responding to this appeal, for any costs incurred at the hearing on remand, and any reasonable attorney's fees and costs of collection, if necessary.

Accordingly, the judgment of the trial court is summarily affirmed. Rule 5A:27.

Affirmed and remanded.