COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, McCullough and Senior Judge Bumgardner


DONALD JACKSON

                                         MEMORANDUM OPINION[*]

v.      Record No. 1529-13-3                              PER CURIAM
                                           FEBRUARY 25, 2014

SHENANDOAH VALLEY
  DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
Humes J. Franklin, Jr., Judge

(S. Scott Baker, on brief), for appellant.

(James B. Glick; Paul A. Titus, Guardian *ad litem* for the infant
child; Vellines, Glick & Whitesell, P.L.C., on brief), for appellee.


Donald Jackson ("father") appeals the termination of his residual parental rights to his

child, R.J., pursuant to Code § 16.1-283(B) and (C).  He maintains the trial court erred in finding

that the Shenandoah Valley Department of Social Services met its burden by clear and

convincing evidence to terminate his residual parental rights.  Upon reviewing the record and

briefs of the parties, we conclude this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

"As a precondition to appellate review, Rule 5A:18 requires a contemporaneous objection

in the trial court to preserve the issue on appeal."  Thomas v. Commonwealth, 44 Va. App. 741,

750, 607 S.E.2d 738, 742, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).

"The main purpose of requiring timely specific objections is to afford the trial court an

opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

reversals." <u>Weidman v. Babcock</u>, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citing <u>Reid v. Baumgardner</u>, 217 Va. 769, 773, 232 S.E.2d 778, 780 (1977)).

Here, nothing in the record before us[1] reflects that father objected to the trial court's decision on any ground. While father argues on appeal that the evidence was insufficient to warrant termination of his parental rights, the record does not indicate he made a similar argument to the trial court.

We will not consider an argument raised for the first time on appeal. <u>See</u> Rule 5A:18; <u>Correll v. Commonwealth</u>, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004).

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. <u>See</u> <u>e. g.</u>, <u>Redman v. Commonwealth</u>, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

<u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Accordingly, the trial court's decision is summarily affirmed. <u>See</u> Rule 5A:27.

<u>Affirmed.</u>

---

[1] The facts in this case are drawn from a statement of facts entered by the trial court on October 17, 2013.