COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Russell and Senior Judge Frank

ROSE MILLS

MEMORANDUM OPINION*

v.      Record No. 1798-14-4                                    PER CURIAM
                                                               MARCH 24, 2015

ARMY NAVY COUNTRY CLUB AND
  HARTFORD ACCIDENT AND INDEMNITY COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Rose Mills, *pro se*, on briefs).

(Jeffrey W. Saunders; Law Office of Jonathan P. Jester, on brief), for
appellees.


Rose Mills appeals a decision of the Workers' Compensation Commission affirming the

deputy commissioner's findings that Mills was totally disabled between January 22 and January

31, 2013 and was not entitled to disability benefits before January 22, 2013 or after January 31,

2013. Mills includes twenty assignments of error in her opening brief.[1]

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review

and the argument (including principles of law and authorities) relating to each assignment of

error." An appellant has the burden of showing that reversible error was committed. See Lutes

v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of

error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415

S.E.2d 237, 239 (1992). A *pro se* litigant appearing "is no less bound by the rules of procedure

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Mills does not indicate where she preserved her assignments of error as required by
Rule 5A:20(c).

and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

In her first through thirteenth assignments of error, Mills did not comply with Rule 5A:20(e). Her opening brief does not contain any principles of law or citation to legal authorities or the record to develop her arguments. We find that Mills' failure to comply with Rule 5A:20 is significant, so we will not consider her arguments in the first through thirteenth assignments of error. See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008); cf. Rules 5A:1A(a) (authoring dismissal of appeal or "such other penalty" deemed appropriate); 5A:26 (authorizing additional dismissal remedy in appropriate cases).

This Court finds that appellant raises the arguments in the fourteenth through twentieth assignments of error and in her reply brief for the first time on appeal.[2] "The contemporaneous objection rule, embodied in Rule 5A:18 in the Court of Appeals . . ., is based on the principle that a litigant has the responsibility to afford a court the opportunity to consider and correct a perceived error before such error is brought to the appellate court for review." Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003) (citing Reid v. Baumgardner, 217 Va. 769, 773, 232 S.E.2d 778, 781 (1977)). Since Mills did not raise these issues with the commission, this Court will not consider them. Id.; see Rule 5A:18.

Accordingly, we affirm the commission's final opinion. See Mills v. Army Navy Country Club, VWC File No. VA00000730187 (Aug. 28, 2014). We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented

---

[2] Mills did not file a motion to reconsider after the commission issued its ruling.

in the materials before the Court and argument would not aid the decisional process.  See Code § 17.1-403; Rule 5A:27.

Affirmed.