COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, O'Brien and Malveaux
Argued at Richmond, Virginia


ROBERT JOHN DODD

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1043-15-2                       JUDGE ROBERT J. HUMPHREYS
                                                    JULY 5, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Walter W. Stout, III, Judge Designate

David B. Hargett (Hargett Law, PLC, on brief), for appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Robert John Dodd ("Dodd") appeals his convictions following a jury trial in the Circuit

Court of Chesterfield County (the "circuit court") of three counts of sodomy, three counts of

indecent liberties, and three counts of aggravated sexual battery. Specifically, Dodd claims the

circuit court erred in failing to grant a mistrial after Cindy Dodd's testimony regarding her

suspicions of an inappropriate relationship between Dodd and a neighborhood boy.

The Commonwealth argues that because Dodd's counsel did not immediately object to

Cindy Dodd's unsolicited statements regarding her suspicions about Dodd's relationship with a

neighborhood boy, his objection was not timely and was therefore waived. We agree.

It is well-settled law in Virginia that "if a defendant wishes to take advantage on appeal

of some incident he regards as objectionable enough to warrant a mistrial, he must make his

motion timely or else be deemed to have waived his objection." Yeatts v. Commonwealth, 242

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Va. 121, 137, 410 S.E.2d 254, 264 (1991). In <u>Yeatts</u>, a prosecution witness testified that the defendant had told the witness about his prior convictions. <u>Id.</u> at 136, 410 S.E.2d at 263. Defense counsel objected and the trial court sustained the objection. <u>Id.</u> at 136, 410 S.E.2d at 264. The direct examination of the witness continued for several additional questions. <u>Id.</u> Then, defense counsel advised the trial court that he had a motion for a mistrial. <u>Id.</u> at 137, 410 S.E.2d at 264. On appeal, the Supreme Court of Virginia held that the defendant's motion "fail[ed] the test of timeliness" because defense counsel did not make the motion for a mistrial "'when the objectionable words were spoken.'" <u>Id.</u> (quoting <u>Reid v. Baumgardner</u>, 217 Va. 769, 774, 232 S.E.2d 778, 781 (1977)). <u>See also</u> <u>Russo v. Commonwealth</u>, 207 Va. 251, 257, 148 S.E.2d 820, 825 (1966) ("Counsel cannot remain silent when improper argument is made and after the whole argument is concluded and in the absence of the jury successfully move for a mistrial.").

In this case, after offering unsolicited testimony about her suspicions that Dodd had an "inappropriate relationship" with a neighborhood boy, Cindy Dodd continued to testify and answer several additional questions from the prosecutor before Dodd's counsel ever raised an objection as to the relevance of the testimony. Later, and outside the presence of the jury, Dodd's counsel eventually made a motion for a mistrial based on Cindy Dodd's earlier statement about her suspicions of an inappropriate relationship between Dodd and a neighborhood boy.[1] However, Dodd's counsel certainly failed to object "when the objectionable words were spoken." <u>See</u> <u>Reid</u>, 217 Va. at 774, 232 S.E.2d at 781. "Timeliness" in objecting may arguably be a more fluid concept in the context of a bench trial where the trial court, in the role of factfinder, can more flexibly filter and disregard improper evidence already admitted. However,

---

[1] The circuit court denied the motion for a mistrial, but gave a curative instruction to the jury, explaining "there was some testimony about a suspicion that the witness had and that statement is stricken and not to be considered by you . . . you are to ignore that, not regard it any regard (sic) in your decision."

in a jury trial, precision in objecting is essential to avoid the need for either a curative instruction at a point when its effect may be diluted by the jury's focus on more recently elicited evidence, or a mistrial that requires the otherwise unnecessary expenditure of additional judicial resources. On the record before us, we hold that Dodd's motion for a mistrial was not timely made and was therefore waived. Accordingly, we also hold that the circuit court did not abuse its discretion in denying Dodd's motion for a mistrial and affirm the judgment of the circuit court.

Affirmed.